UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD ALLEN SIMMONS,<br><br>Plaintiff,<br><br>v.<br><br>JEFF MACOMBER,<br><br>Defendant. | No. 2:23-cv-2962 CKD P<br><br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983. The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). Plaintiff's second amended complaint (ECF No. 14) is before the court for screening.

Under California Code of Regulations, Title 15, § 3177, some inmates are eligible for overnight visits with certain members of their immediate families. Pursuant to section (b)(1) of that statute, plaintiff is not eligible for such visits because he has been convicted of a sex offense. Plaintiff asserts that this violates rights arising under the First Amendment and the Due Process

1

1 | Clause of the Fourteenth Amendment. However, these claims fail as inmates have no
2 | freestanding Constitutional right to conjugal or even contact visits. Gerber v. Hickman, 291 F.3d
3 | 617, 621 (9th Cir. 2002).

Plaintiff also asserts a claim for denial of equal protection of the laws in violation of the Fourteenth Amendment with respect to § 3177's application to him.

> When analyzing a discrimination claim under the Fourteenth Amendment, [the court] must first determine the appropriate level of scrutiny to be applied. If the rule disadvantages a suspect class or impinges upon a fundamental right, the court will examine it by applying a strict scrutiny standard. If no such suspect class or fundamental rights are involved, the conduct or rule must be analyzed under a rational basis test.

Giannini v. Real, 911 F.2d 354, 358 (9th Cir. 1990). Being a sex offender does not place plaintiff in a suspect class and, as noted above, there is no fundamental right to contact or conjugal visits. Gerber, 291 F.3d at 621–22. Therefore, the regulation at issue as applied to plaintiff is valid as long as the regulation is rationally related to a legitimate state purpose. Heller v. Doe, 509 U.S. 312, 319-20 (1993). Denying overnight visits to a person with a history of sexual misconduct has a clear and rational relationship to the interest of preserving the safety of prison visitors. Ellis v. Diaz, 1:20-cv-00134 EPG P, 2020 WL 4570051, *4 (E.D. Cal. Aug. 7, 2020). See Lanear v. Macomber, 2:23-cv-2963 AC P, 2024 WL 1995328, *2 (E.D. Cal. May 6, 2024) "[R]estrictions on contact visits, including those based on a prisoner being convicted of a sex offense, have a rational basis."); Shallowhorn v. Molina, 572 F. App'x 545, 547 (9th Cir. 2014) (California had rational basis for promulgating Cal. Code Regs. tit. 15, § 3173.1(d), which restricts visitation with minors for inmates convicted of specified sex offenses).

For all of these reasons, plaintiff's second amended complaint must be dismissed. Because it does not appear plaintiff can, in good faith, state a claim upon which he may proceed regarding his challenge to California law, the court does not grant leave to amend a third time.

In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the Court assign a district court judge to this case.

/////

/////

2

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's second amended complaint (ECF No. 14) be dismissed for failure to state a claim upon which relief can be granted; and

2. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time waives the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 28, 2025

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
simm2962.frs